IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA UNTRAUER<br>P.O. Box 631<br>State College, PA 16804<br><br>    Plaintiff,<br><br>v.<br><br>CRACKER BARREL OLD COUNTRY<br>STORE, INC., d/b/a CRACKER BARREL<br>305 S. Hartmann Dr.<br>Lebanon, TN 37088<br><br>    Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Jessica Untrauer (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Cracker Barrel Old Country Store, Inc. (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act ("ADA" -42 USC §§ 12101 *et. seq.*) the Pennsylvania Human Relations Act ("PHRA")[1], and Pennsylvania common law. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

5. Plaintiff is proceeding herein under ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a restaurant chain with locations throughout the United States, including Plaintiff's work location at 215 Colonnade Blvd, State College, PA 16803.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired to work for Defendant at its 215 Colonnade Blvd., State College, PA location.

12. Plaintiff was hired by Defendant in or about October of 2016 and was employed as a server.

13. While employed with Defendant, Plaintiff was a dedicated and hard-working employee.

14. Plaintiff has and continues to suffer from medical conditions, including but not limited to Sciatica, which (at times) limits her ability to perform some daily life activities, including but not limited to standing, walking, sitting, and performing manual tasks.

15. Despite Plaintiff's aforesaid health conditions, she was still able to perform the duties of her job well with Defendant (with or without reasonable accommodations).

16. Plaintiff conveyed her aforesaid health conditions to Defendant's management, including but not limited to Assistant Manager, Scott Krammes at the beginning of her employment and then re-raised the topic of her health conditions with Defendant's Employee

3

Relations Coordinator, Bradley Stuckey, in or about March of 2017 while expressing concerns of harassment and discrimination.

17. For example, when Plaintiff apprised Defendant's management of her aforesaid health conditions, she was treated in a rude and condescending manner, belittled, and was subjected to negative comments about her disability, including but not limited to questioning the validity of Plaintiff's disability, stating that she was using her Sciatica diagnosis as an excuse, and comparing Plaintiff and her Sciatica to past employees whom had a pattern of giving excuses for their performance deficiencies.

18. Furthermore, Defendant's management's hostile and discriminatory behavior towards Plaintiff set a precedent for how other employees of Defendant believed they could also treat Plaintiff.

19. The discriminatory and hostile treatment being exhibited towards Plaintiff amplified after (1) she sustained a work-related injury to her leg/knee while performing work for Defendant on or about May 4, 2017; and (2) requested reasonable medical accommodations for her health conditions.

20. For example, after reporting a work-related injury to Defendant's management, Plaintiff was initially ignored and then eventually told by her manager Vicki Crater ("Crater") that "we [Cracker Barrell] won't be paying for it."

21. Through May of 2017, Plaintiff required some medical restrictions, including but not limited to light duty and working 4-hour shifts.

22. Defendant's management, including but not limited to Crater, exhibited extreme animosity towards Plaintiff and a complete unwillingness to accommodate her health conditions, which prompted Plaintiff to again complain about said discriminatory treatment.

4

23. On or about May 18, 2017, only two weeks after she reported her aforesaid work-related injury to Defendant's management and sought worker's compensation benefits, Plaintiff was terminated from her employment with Defendant.

24. Plaintiff's termination was completely pretextual, as she was terminated (1) shortly after complaining of disability discrimination; (2) in close proximity to requesting reasonable accommodations for her aforesaid health conditions; (3) only two weeks after she reported her work-related injury to Defendant's management and sought workers' compensation benefits; (4) after being subjected to extreme hostility and animosity because of her health conditions and requests for accommodations; and (5) for reasons selectively enforced against her.

### First Cause of Action
### Violations of the Americans with Disabilities Act, as amended ("ADA")
### (Actual/Perceived/Record of Disability Discrimination & Retaliation)

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities (as discussed *supra*).

27. Plaintiff requested reasonable accommodations, including but not limited to the ability to work four-hour shifts.

28. Defendant failed to accommodate Plaintiff's aforesaid health conditions and simply refused to engage in the interactive process with her.

29. As a result of the hostile treatment she was being subjected to while employed with Defendant, Plaintiff complained of disability discrimination in close proximity to her termination.

30. Plaintiff's concerns of discrimination were never properly investigated or resolved and the hostility and animosity only increased following her aforesaid complaints.

31. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated from Defendant because of: (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; and/or (4) her complaints of discrimination.

32. These actions as aforesaid constitute violations of the ADA, as amended.

## Second Cause of Action
## Common-Law Wrongful Discharge
### (Public Policy Violation)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking worker's compensation benefits and/or for her work-related injuries (as discussed *supra*).

35. It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

36. The mere temporal proximity between when Plaintiff sought worker's compensation benefits and her termination, as well as the animosity that Plaintiff was subjected to following her report of said work-related injury, creates an inference that her termination was in retaliation for making such a claim.

37. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 12, 2018